```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
MARIE E. MOREL,                        :
                                       :
                       Plaintiff,      :    23cv6018 (DLC)
            -v-                        :
                                       :    MEMORANDUM OPINION
AIDS CENTER OF QUEENS COUNTY, INC,     :        AND ORDER
                                       :
                       Defendant.      :
                                       :
-------------------------------------- X
```

APPEARANCES

For plaintiff:
Michael Sussman
Sussman & Watkins
1 Railroad Ave 3/P.O.B. 1005
Goshen, NY 10924

For defendant:
Shevonne Greene
Tania Jaynelle Mistretta
Jackson Lewis P.C.
666 3rd Avenue
Ste 29th Floor
New York, NY 10017

DENISE COTE, District Judge:

Plaintiff Marie E. Morel ("Morel") alleges that the defendant, AIDS Center Of Queens County, Inc. ("ACQC"), violated Title VII when it fired her due to her failure to comply with the New York state COVID-19 vaccine mandate. ACQC has moved to dismiss pursuant to Rules 12(b)(3) and 12(b)(6), Fed. R. Civ. P. For the reasons that follow, the motion to dismiss for improper venue is granted.

## Background

The principal allegations in the first amended complaint ("FAC") are as follows. Plaintiff resides in Queens County, New York, which is located in the Eastern District of New York (the "Eastern District"). ACQC is a non-profit agency, also located in Queens County, that provides services to people diagnosed with HIV/AIDS. From November 7, 2017 to December 7, 2021, the plaintiff worked for ACQC in various capacities.

On August 26, 2021, the New York State Department of Health issued a vaccine mandate applicable to covered employees requiring such personnel to be fully vaccinated against COVID-19 (the "Mandate"). See 10 N.Y.C.R.R. § 2.61 (Aug. 26, 2021). The defendant required employees to comply with the Mandate.

On October 1, 2021, plaintiff submitted a request for a religious accommodation to be exempt from the Mandate. According to Morel, she is "Catholic and [] taking the vaccination would violate her sincerely held religious beliefs because it was developed using aborted fetal cells and she is strongly against abortion." The defendant initially allowed Morel to work in person, provided she submitted to weekly COVID-19 testing. On November 5, following the Second Circuit's decision in We the Patriots USA, Inc. v. Hochul, 17 F.4th 266

(2d Cir. 2021)¹, the defendant informed Morel that it could no longer permit her to continue to work in person unless she was vaccinated, and placed her on a thirty-day leave.  On December 7, ACQC terminated the plaintiff's employment due to her continued failure to comply with the vaccine mandate.

This case was filed in this district (the "Southern District") on July 13, 2023.  Morel alleges that ACQC violated 42 U.S.C. 2000e(j) and Title VII by "failing to reasonably accommodate [her] sincerely held religious beliefs."  On September 8, ACQC moved to dismiss the complaint for improper venue and for failure to state a claim.  An Order of September 8 gave the plaintiff an opportunity to either amend her complaint or to oppose the motion.  The Order warned that the plaintiff would likely not have a further opportunity to amend.  The plaintiff filed a FAC on September 22.

On October 13, ACQC renewed its motion to dismiss.  The motion became fully submitted on November 3.  It again seeks dismissal of the complaint pursuant to Rules 12(b)(3) and 12(b)(6), Fed. R. Civ. P.

## Discussion

Title VII's venue provision provides that an action may be

---

¹ In We the Patriots USA, Inc., the Second Circuit vacated a preliminary injunction granted by the Northern District of New York, thereby allowing the Mandate to go into effect.

brought:

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent had his principal office.

42 U.S.C. § 2000e-5(f)(3). A plaintiff faced with a motion to dismiss for improper venue may choose to rely on pleadings and affidavits to oppose the motion. Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 355 (2d Cir. 2005). In such cases, "the plaintiff need only make a prima facie showing of venue." Id. (citation omitted).

If venue does not lie where an action was brought, 28 U.S.C. § 1406(a) provides that "[t]he district court . . . shall dismiss [the case], or if it be in the interest of justice, transfer such case to any division or district in which it could have been brought." 28 U.S.C. § 1406(a). If "allowing a transfer" would "reward [a] plaintiff[] for [its] lack of diligence in choosing a proper forum," transfer is "not in the interest of justice." Spar, Inc. v. Info. Res., Inc., 956 F.2d 392, 394 (2d Cir. 1992). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district

court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993).

Venue does not lie in this district. The FAC alleges that plaintiff resides in Queens County, that ACQC is based in Queens County, and that all alleged acts related to her employment occurred in Queens County.

In her opposition brief, Morel does not suggest that Title VII provides for venue in the Southern District. She refers to law that is relevant to a motion to transfer venue, not to a motion to dismiss.

Nor does Morel identify a procedural bar that would prevent her from refiling these claims in the Eastern District if this action is dismissed. The interest of justice is thus at best neutral, and so does not support transfer. Accordingly, this case will be dismissed.

## Conclusion

The defendant's October 13 motion to dismiss for improper venue is granted. The Clerk of Court is directed to close the case.

Dated:   New York, New York
         December 6, 2023

                                              _____
                                              DENISE COTE
                                              United States District Judge